992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard G. SWAIN, Petitioner-Appellant,
v.
Leroy YOUNG and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6310.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the United States District Court for the District of Oklahoma denying habeas relief sought pursuant to 28 U.S.C. § 2254. We affirm for the reasons stated below. Appellant's motion for a certificate of probable cause is granted as is the motion to proceed in forma pauperis.
 
 
 3
 Appellant Richard Gayle Swain, presently incarcerated in the John H. Lilley Correctional Center in Boley, Oklahoma, was convicted by the District Court of Comanche County of unlawful possession of marijuana with intent to distribute and sentenced to serve twenty years. After exhausting available state remedies, Appellant filed a petition for writ of habeas corpus in the federal district court claiming that his Fourth Amendment rights were violated during the warrantless search of a container in the trunk of his vehicle.
 
 
 4
 Appellant was arrested after an informant notified the district attorney's Drug TASC Force investigators that Appellant possessed a large quantity of marijuana in the trunk of his car. The investigators called a police officer to make the stop. Petitioner was arrested and the trunk of his vehicle was opened, revealing a container which contained marijuana.
 
 
 5
 Petitioner filed a motion to suppress the marijuana, which was denied by the trial court. He failed to raise the issue on direct appeal. The District Court for Comanche County subsequently denied his application for post-conviction relief, holding that all the issues raised by Appellant were or could have been presented for review in his direct appeal. The Oklahoma Court of Criminal Appeals affirmed. Appellant thereafter filed a petition for a writ of habeas corpus in federal district court. The district court denied Appellant's petition, holding that the Oklahoma Court of Criminal Appeals rejected Appellant's federal claims on state grounds without reference to federal law, and since there was an adequate and independent state ground for the decision, federal habeas review was unavailable unless Appellant showed cause for the default and prejudice as a result of the alleged violation, or demonstrated that a failure to consider the claims would result in a fundamental miscarriage of justice. Finding none of the above, the district court denied Appellant's petition.
 
 
 6
 On appeal, Appellant contends that the state procedural rule relied on by the Oklahoma Court of Criminal Appeals in denying his application for post-conviction relief, that Appellant had waived his right to present his Fourth Amendment claim since he did not raise it on direct appeal, is not an independent and adequate state ground sufficient to preclude federal review.
 
 
 7
 We do not reach the merits of this issue. As noted by the district court, federal review of habeas corpus petitions alleging Fourth Amendment violations is precluded if the state has afforded a full and fair opportunity to litigate those claims. Stone v. Powell, 428 U.S. 465, 482. Appellant filed a motion to suppress which was denied after a pre-trial hearing. He did not, but could have, raised the issue on direct appeal. We agree with the district court that because Appellant has been afforded a full and fair opportunity to litigate his claim, Appellant's Fourth Amendment claim is not reviewable in a federal habeas action.
 
 
 8
 Accordingly, the order of the District Court for the District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3